294 F.2d 766
 Laurence D. HAUGHTON and Maude Haughton, Copartners, doing
business under the name and style of Elk Creek
Logging Company, Appellants,
v.
COLUMBIA RIVER DISTRICT COUNCIL NO. 5, INTERNATIONAL
WOODWORKERS OF AMERICA, LOCAL UNION 5-40,
International Woodworkers of America, Appellees.
 No. 16746.
 United States Court of Appeals Ninth Circuit.
 Aug. 7, 1961.
 
 1
 Manley B. Strayer, James P. Rogers, Frederick A. Morgan and Hart, Rockwood, Davies, Biggs & Strayer, Portland, Or., for appellants.
 
 
 2
 Green, Richardson, Green & Griswold, Portland, Or., for appellees.
 
 
 3
 Before STEPHENS and HAMLEY, Circuit Judges, and BOWEN, District Judge.
 
 
 4
 BOWEN, District Judge.
 
 
 5
 For several years prior to 1958, appellants Laurence D. Haughton and his wife, Maude, had been and at all times material to this action were copartners doing a private contract logging business in Clackamas County, Oregon, under the firm name of Elk Creek Logging Company (hereinafter called Elk Creek). The appellees are the local Union (hereinafter called the Union) and the District Council of the International Woodworkers of America. Elk Creek had a collective bargaining agreement with the Union, and also had a separate 'Truck Seniority Agreement' with the Union fixing a formula for determining what trucks and drivers Elk Creek would employ to haul the logs.
 
 
 6
 Elk Creek's business was to log and haul to lumber mills the logs obtained by Elk Creek under its logging contracts with timber owners. A substantial portion of those logs and of their manufactured products moved in interstate commerce.
 
 
 7
 Although since 1953, Elk Creek for use in its logging business had leased logging trucks from others, it had hired and paid on an hourly basis the truck drivers who operated the trucks, and, pursuant to the bargaining and truck seniority agreements which Elk Creek had recognized, the Union had acted as bargaining agent for those truck drivers. However, in 1958, in order to better stabilize log hauling costs, Elk Creek abandoned those agreements with the Union, ceased employing the truck drivers, contracted with one Carignan as an independent contractor to do all of Elk Creek's log hauling, and some of the truck drivers previously employed by Elk Creek lost their jobs through failure of either Elk Creek or Carignan to employ them.
 
 
 8
 Thereupon, the Union posted pickets against and struck Elk Creek because Elk Creek refused to continue recognizing the bargaining and truck seniority agreements and refused to bargain with the Union respecting the working conditions of the former truck drivers of Elk Creek, resulting in stopping the log hauling operations of Elk Creek. The Union was not the bargaining agent for Carignan's employees, and did not expressly strike Carignan nor try to induce his truck drivers to strike, but Carignan's truck drivers did not croys the Union's pecket lines and did not carry on their truck driving for Carignan.
 
 
 9
 Elk Creek brought this action in the District Court against the Union and the District Council to recover damages under the provisions of 303 of the Labor Management Relations Act of 1947 (29 U.S.C.A. 187), contending that it had a business management right to discontinue the employer-employer relations with the truck drivers, and to contract the log hauling to Carignan as an independent contractor, that thereafter it was not required to recognize the Union as bargaining agent nor to bargain with the Union, that by the strike Carignan was a pressured netural employer whose employees were a primary object of the strike, and that the strike was unlawful and the Union and the Council were liable in damages to Elk Creek under said 303.
 
 
 10
 For a time before the strike, Carignan was himself a truck driver employee of Elk Creek and a member of the Union, but the Union never claimed any right as bargaining agent to represent Carignan's truck drivers during the period of Carignan's independent trucking contract with Elk Creek.
 
 
 11
 The Union contends that Carignan is not a true independent contractor but in reality is conducting merely a 'straight line' or 'ally' operation, but because under the judicially noticed custom of independent contractor arrangements in the Oregon logging industry there is normally involved some cooperation between the independent contractor and the prime contractor, the Trial Court found against the Union's contention that here Carignan is not really an independent contractor. With that finding we agree. There is no convincing proof of collaboration between Elk Creek and Carignan respecting working conditions or assignment of workers.
 
 
 12
 Also, the Union denies that any objective of the strike was to induce or influence or concert with Carignan or his truck drivers to do or not to do anything, and asserts that the Union did not as an object of the strike try to comple Elk Creek to cease doing business with Carignan, did not seek to bring Carignan's truck drivers as members into the Union or to become bargaining agent for Carignan's truck drivers, and that the only objectives of the strike were to enforce, as against Elk Creek, the Union's rights under the existing bargaining agreement and the continuing recogniion by Elk Creek of the Union as bargaining agent respecting working conditions and privileges of the latter's truck drivers employed by Elk Creek when it entered into the Carignan contract.
 
 
 13
 The Trial Court found in effect that, although Elk Creek had sound business reasons for abandoning the bargaining and truck seniority agreements and contracting with Carignan for the log hauling, nevertheless, when the log hauling work passed from Elk Creek to Carignan those agreements were still in effect, and that under them the Union continued as bargaining agent for Elk Creek's truck drivers with authority to bargain with Elk Creek respecting the working conditions and privileges of Elk Creek's truck drivers; that Elk Creek's refusal to bargain with the Union wrongfully violated those bargaining and truck seniority agreemtns; that the Union did not strike against Carignan or try to induce his truck drivers to do so or to become members of the Union; that Carignan was a neutral but not a pressured neutral employer; that it was not an object of the Union's strike to compel unionization of Carignan's employees or to influence them to strike; that the strike was a lawful and not an unlawful strike against Elk Creek; that the facts proved are insufficient to sustain this 303 action. For those reasons the Trial Court dismissed the action.
 
 
 14
 This appeal by Elk Creek followed. The Trial Court had and this Court has jurisdiction. 29 U.S.C.A. 187 (Labor Management Relations Act of 1947, 303); 28 U.S.C.A. 1291.
 
 
 15
 The Trial Court's findings of fact were clearly stated and were supported by ample creditable testimony of witnesses appearing in person and testifying before the Court. We accord due regard '* * * to the opportunity of the trial court to judge of the credibility of the witnesses'. Because of that; and in view of our own consideration of the record, we certainly cannot say that such findings are clearly erroneous, although there was some conflict in the evidence.
 
 
 16
 We believe that the evidence strongly supports the Union's contentions that its strike and picketing were for the purpose of enforcing its bargaining and truck seniority agreements with Elk Creek in harmony with the ruling of this Court in Retail Fruit & Vegetable Clerks Union, Local 1017 v. N.L.R.B., 249 F.2d 591, as the Trial Court found, and were not for the prupose of exerting union pressure upon the neutral employer Carignan of the kind disapproved in Elk Creek's cited case of N.L.R.B. v. Denver Bldg. & Constr. Trades Council, 341 U.S. 675, 71 S.Ct. 943, 95 L.Ed. 1284, where a primary object of the strike was to exert union pressure on the neutral employer having before the strike a long time dispute with the union.
 
 
 17
 We have considered the other cases cited by appellant, but do not think they are controlling upon the facts here.
 
 
 18
 The action of the Trial Court is affirmed.